IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIE J. WHITFIELD | § | |
| | § | C.A. NO. 4:08-CV-2454 |
| VS. | § | |
| | § | JURY TRIAL REQUESTED |
| ITRON, INC.; ITRON ELECTRICITY METERING, INC. | § § | |

# PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, WILLIE J. WHITFIELD files this Original Complaint; and in support of this Complaint, states the following:

## I.

## NATURE OF THE ACTION

1.  Mr. Whitfield brings this action pursuant to the CIVIL RIGHTS ACT OF 1964 -- 29 U.S.C. § 626, AGE DISCRIMINATION IN EMPLOYMENT ACT, ("ADEA") [29 U.S.C. § 621, *et seq.*, the OLDER WORKERS BENEFIT PROTECTION ACT of 1990]; 42 U.S.C. § 2000e, *et seq*. ("TITLE VII") Retaliation and Chapter of the TEXAS LABOR CODE.

## II.

## PARTIES

2. Plaintiff is Willie J. Whitfield who is an individual residing in Houston, Harris County, Texas.

3. Defendants are ITRON, Inc. and/or ITRON Electricity Metering, Inc. ITRON, Inc. is a foreign corporation formed under the laws of the State of Washington and may be served by serving its registered agent CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201. ITRON Electricity Metering, Inc. is a foreign corporation formed under the laws of the State of Delaware and may be served by serving its registered agent, National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062. ITRON, Inc. and ITRON Electricity Metering, Inc. will be referred to hereinafter collectively as ("ITRON").

## III.

## JURISDICTION/VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the actions Mr. Whitfield seeks to have redressed arise under federal law as set forth in Paragraph 1 above. This court also has supplemental jurisdiction over Mr. Whitfield's state law claims pursuant to 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. 1391 because Mr. Whitfield complains of acts that occurred with the geographical boundaries of the United States District Court for the Southern District of Texas, Houston Division.

## IV.

## FACTS

5. Mr. Whitfield is a male who, at the time of his termination of employment from ITRON was approximately sixty-one (61) years of age.

6. ITRON has a contract with the City of Houston whereby it performs the service of reading and documenting readings from meters owned by the City of Houston for the purpose of reporting the information to the City of Houston so that it may bill its customers.

7. Mr. Whitfield was hired by ITRON as a Meter Reader to perform the duties of reading individual meters situated on various residential and commercial real property locations within the City of Houston utility boundaries.

8. At the beginning of Mr. Whitfield's employment with ITRON, his supervisor advised all personnel that ITRON's desire was that each individual set a goal of reading 150 meters per day.

9. Mr. Whitfield was able to meet this goal some days; however, there were times when he could not meet this goal.

10. Mr. Whitfield asserts that it took anywhere from a few seconds to a few minutes to get to the meter, read it and move on to the next meter; depending on the proximity of the locations.

11. This was consistent with the performance of all other employees working at the same ITRON meter reading location.

12. All of the other employees working with Mr. Whitfield are younger than him.

13. Some time in January or February of 2008, one such employee, Ms. April Adams ("Ms. Adams"), approached Mr. Whitfield one day and told him that everyone, including Mr. Whitfield's Team Leader/Crew Leader, Eddie Olea ("Mr. Olea") and supervisor, Mr. Albert ("Al") Franco ("Mr. Franco") stated that he (Mr. Whitfield) was too old to perform the duties of Meter Reader.

14. On many occasions, Ms. Adams was not able to complete her meter reading route.

15. Mr. Whitfield made inquiries to Mr. Olea and Mr. Franco about the comments relayed to him by Ms. Adams. Both Mr. Olea and Mr. Franco denied making the comment.

16. Mr. Olea told Mr. Whitfield that Ms. Adams was the individual who stated the he (Mr. Whitfield) was too old to perform his duties.

17. Thereafter, the supervisor promoted Ms. Adams to Team Leader and Mr. Whitfield was assigned to Ms. Adams' to maintain a meter reading route.

18. The new meter reading route presented challenges that precluded Mr. Whitfield from reading as many meters as he previously read. These challenges included, but are not limited to the following:

    a. Empty lots with no meters or meters that were difficult to locate;

    b. many properties where the meters were located in circumstances that made it necessary for Mr. Whitfield to have to spend approximately an hour bailing water out of the area prior to being able to read the meter;

    c. etc.

19. Some time in March of 2008, Mr. Franco eventually recommended and ITRON did, in fact, terminate Mr. Whitfield employment. Ms. Adams, Mr. Olea and Mr. Franco notified Mr. Whitfield that his employment was terminated.

20. Mr. Whitfield filed an application for unemployment insurance benefits.

21. ITRON challenged this Application.

22. Mr. Whitfield's application for unemployment insurance benefits was denied.

23. Mr. Whitfield filed a charge of age discrimination and retaliation with Equal Employment Opportunity Commission ("EEOC").

24. The facts, many of which are substantiated by EEOC's investigation, reveal the following:

      a.    all or most of the meter readers were hired through a job fair by ITRON's human resources representative, Matt Nosbaum who duly noted Mr. Whitfield age at the time of hire;

      b.    ITRON's headquarters including its human resources are all located in the State of Washington and there is no local oversight with the exception of Mr. Franco and the field operations manager, Dan Morris.

      c.    after all of the meters readers were hired, the supervisor, Mr. Franco reported to the work site;

      d.    Mr. Franco advised the meter readers of the quantitative goals set by ITRON;

      e.    none of the meter readers were able to meet these goals on a consistent basis and Mr. Whitfield's performance, at this time, was consistent with the other meter readers;

      f.    There is some talk around the worksite that seems to indicate that the workers think Mr. Whitfield is too old to be working;

      g.    Ms. Adams notifies Mr. Whitfield that supervisor, Mr. Franco and team leader, Mr. Olea stated that he (Mr. Whitfield) was too old to do the job;

      h.    After Mr. Whitfield notified Mr. Franco and/or Mr. Olea of the information provided to him by Ms. Adams, Mr. Olea and/or Mr. Franco tells Mr.

Whitfield that it was Ms. Adams who made the statements regarding Mr. Whitfield's age;

  i. Thereafter once Ms. Adams, Mr. Franco and Mr. Olea realize that Mr. Whitfield has been notified that either or all of them have made statements about his age, Mr. Franco elevates Ms. Adams to the position of team leader; and she no longer has to maintain a route or perform meter reading duties;

  j. at this time, there are other meter readers who have exhibited the ability to read meters at a higher rate and there is no other justification for the promotion;

  k. none of the meter readers, including Mr. Whitfield, were ever notified of the team leader position opening and/or opportunity;

  l. for some reason, which has not been provided by ITRON, Mr. Whitfield was assigned to take over Ms. Adams' route;

  m. there is also no clarification of how ITRON planned to cover Mr. Whitfield's route;

  n. Mr. Whitfield's new route is more challenging than his previous route;

  o. obviously, Ms. Adams, Mr. Franco and/or Mr. Olea knew the new route was more difficult and would result in less meter reads;

  p. Matt Nosbaum specifically states that "[Mr. Whitfield] was indeed able to perform the job up to standards only months earlier";

  q. Once Mr. Franco and Mr. Olea assign Mr. Whitfield to the new route, which will cause him to have less meter reads, they (Ms. Adams, Mr. Franco and Mr. Olea) begin to highlight this to ITRON's headquarters office;

  r. Mr. Franco claimed that out of all of the meter readers (who also were unable to meet ITRON's goals), the City of Houston chose to review Mr. Whitfield's numbers and complained that the numbers were too low;

  s. Mr. Franco never stated exactly who, from the City of Houston, complained to him;

  t. in order to further their efforts to prove that Mr. Whitfield could not meet ITRON's goals, Mr. Franco requested that Mr. Olea accompany Mr. Whitfield on his route;

  u. it is not clear whether Mr. Olea accompanied Mr. Whitfield on days when it was raining or had rained prior to the meter read since bailing water out of a hole where a meter is located takes a considerable amount of time;

  v. after Mr. Franco and Mr. Olea was satisfied that they had created a pretext for terminating Mr. Whitfield, in retaliation for his inquiring about the statements made regarding his age, Mr. Franco and Mr. Olea did, in fact, recommend that ITRON terminate Mr. Whitfield's employment; and

w.  Mr. Nosbaum adopted this recommendation and also recommended that ITRON terminate Mr. Whitfield's employment.

25. On May 7, 2008, the EEOC issued to Mr. Whitfield a Right-to-Sue Letter.

26. Mr. Whitfield received the Right-to-Sue Letter on or about May 10, 2008.

## V.

## CLAIM ONE

## AGE DISICRIMINATION - ADEA

27. Mr. Whitfield incorporates by reference the allegations contained in Paragraphs 1 through 26 and asserts that ITRON and/or its employees discriminated against him based on age in violation of the Age Discrimination in Employment Act.

## VI.

## CLAIM TWO

## AGE DISICRIMINATION – OLDER WORKERS' BENEFIT PROTECTION

28. Mr. Whitfield incorporates by reference the allegations contained in Paragraphs 1 through 26 and asserts that ITRON and/or its employees discriminated against him based on age in violation of the OLDER WORKERS BENEFIT PROTECTION ACT of 1990, 29 U.S.C. § 621, if applicable.

## VII.

## CLAIM THREE

## AGE DISICRIMINATION – TEXAS LABOR CODE

29.  Mr. Whitfield incorporates by reference the allegations contained in Paragraphs 1 through 26 and asserts that ITRON and/or its employees discriminated against him based on age in violation of Chapter 21 of the Texas Labor Code.

## VIII.

## CLAIM FOUR

## RETALIATION

30.  Mr. Whitfield incorporates by reference the allegations contained in Paragraphs 1 through 26 and asserts that ITRON and/or its employees discriminated against him based on age in violation of the Age Discrimination in Employment Act.

## IX.

## CLAIM FIVE

## INTERFERENCE WITH EMPLOYMENT RELATIONSHIP

31.  Mr. Whitfield incorporates by reference the allegations contained in Paragraphs 1 through 26 and asserts that ITRON and/or its employees interfered with the employment relationship between Mr. Whitfield and ITRON causing Mr. Whitfield to suffer lost wages and other employment benefits.

## VIII.

## CLAIM SIX

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32.  Mr. Whitfield incorporates by reference the allegations contained in Paragraphs 1 through 26 and asserts that ITRON and/or its employees discriminated against him causing him to suffer embarrassment and extreme emotional distress.

## IX.

## DAMAGES

33.  The damages that Mr. Whitfield has sustained are the direct result of the unlawful actions of the Defendants. Therefore, Mr. Whitfield seeks all relief allowed by law including injunctive relief and attorney's fees.

## X.

## JURY REQUEST

34.  Mr. Whitfield requests a trial by jury.

## XI.

## PRAYER

35.  FOR THESE REASONS, Plaintiff, WILLIE J. WHITFIELD prays the Court enter judgment in his favor against Defendants, ITRON, INC. and/or ITRON ELECTRICITY METERING, INC. and award Mr. Whitfield the following:

      a.      Actual damages in addition to interest allowed by law;

      b.      Compensatory damages as allowed by law;

      c.      Injunctive relief as allowed by law;

      d.      Liquidated damages as allowed by law;

      e.      Prejudgment interest as allowed by law;

      f.      Post-judgment interest as allowed by law;

      g.      Attorney's fees;

      h.      Cost of court; and

      i.      Such other and further relief, whether at law or in equity, this court deems just and proper.

Respectfully submitted,

LAW OFFICES OF DANA T. BLACKMORE

/s/ Dana T. Blackmore

_____

Dana T. Blackmore
Texas Bar No. 24034180
616 Memorial Heights Drive, Suite 6108
Houston, Texas 77007
713-864-4647
713-880-3046 (fax)
DTBlackmoreLaw@aol.com
ATTORNEYS FOR PLAINTIFF,
WILLIE J. WHITFIELD